ROPER *v.* GREENE & LAWRENCE DRAINAGE DISTRICT.

4-4715

Opinion delivered July 12, 1937.

H. R. *Partlow,* H. C. *Rhine* and L. V. *Rhine,* for appellants.

Wm. F. *Kirsch* and *Maurice Cathey,* for appellee.

HUMPHREYS, J. This suit was filed in the chancery court of Greene county on the 16th day of May, 1936, by appellant against appellees, the main purpose of which was to subject the taxes collected by the board of directors of said drainage district after August 1, 1930, directly or under foreclosure proceedings against property-owners in said district, amounting to about $23,000, to the payment of four bonds in the sum of $2,000 and interest owned by her, *pro rata,* with the unpaid bonds owned by all other bondholders.

The complaint is very long and it and the exhibits thereto are set out in full in appellant's abstract, but

for the purposes of this opinion it is only necessary to set out the substance of the material parts thereof relating to the fund in question.

The complaint alleged that the four bonds made the basis of the suit matured on August 1, 1930, and that although demand for payment was frequently made within the five year period of limitations, she refrained from bringing suit on account of promises made to her that the taxes would be collected and her bonds paid.

The complaint also alleged that the drainage district was created under special act No. 318 of the General Assembly of Arkansas for 1911, which authorized the issuance of bonds based upon benefit 'assessments against the real estate in said district with which to make the improvement, and that the bonds sued upon were a part of the bonds issued; that the board of directors were authorized under said act to pledge or mortgage the assessments against said lands to secure the payment of said bonds, and that pursuant to such authority the board of directors did pledge or mortgage all assessments to secure the payment of the bonds.

The complaint, also, alleged that after appellant's bonds became due, and before the five-year period of limitations ran against them, and particularly in 1934, the board of directors collected assessments which had been specifically assigned under the pledge for the benefit of all bondholders; that said assessments or tax money was paid and collected for the express purpose of paying delinquent bonds and interest; and that this tax money is being held by the board in trust for all of the bondholders.

The complaint, also, alleged that pursuant to the acts creating this district and the amendments thereto and the conditions and requirements of said pledge, the board of directors of the drainage district collected taxes after August 1, 1930, and that said board on the date of February 2, 1934, filed foreclosure proceedings as provided in said pledge given by said drainage district to secure the bonds; that said proceedings foreclosed the lien of the assessments levied for 1930, 1931, and 1933;

that a decree was granted in said suit April 19, 1934, and the report of sale filed November 1, 1934; that after appellant's bonds became due and payable, said board collected, as a result of the foreclosure proceedings under the terms of the pledge given to secure the bonds, $............., and the said drainage district purchased several tracts of land; that in addition to the money and property obtained by reason of said foreclosure proceedings, the treasurer of Greene county has paid over to the treasurer of said district $18,343.52, which amount represented tax money paid by the county collector on assessments levied by said board for retirement of said bonds including the bonds of appellant; that the treasurer of Lawrence county paid $5,000 to the treasurer of said district, which amount represents taxes collected on the lands embraced in said district located in Lawrence county; that under the provisions of the act creating said district and the amendments thereto and the provisions contained in the pledge all of said money so collected by appellee, board of directors, constitutes a trust fund for the specific purpose of paying the bonds, and that it was paid to the directors of the district, who are trustees charged with the specific duty to preserve said fund and *pro rate* it among all holders of defaulted bonds; and that such monies and the properties purchased in the foreclosure proceedings were held in trust for the bondholders.

The complaint further states that these funds were collected before the statutory bar attached to the bonds sued upon and that the board of directors and their depositaries are in possession of the trust fund; and that said board has and is refusing to pay said money to the beneficiaries of said trust after repeated demands have been made on the said board.

The prayer of the complaint is that appellees be required to pay over this trust fund to the bondholders, *pro rata;* and, further, that appellant have judgment against the district for the amount due upon her bonds with six per cent. per annum interest from August 1, 1930, until paid.

A demurrer was filed to this complaint and sustained and the complaint dismissed on the theory that the bonds sued upon matured more than five years before the institution of this suit, and from the decree sustaining the demurrer and dismissing the complaint appellant has duly appealed to this court.

The complaint shows on its face that appellant is not entitled to a judgment against the district on account of the statutory bar having attached, but the complaint also alleges another and different cause of action. It alleges that the fund in the hands or under the control of the directors was collected as taxes upon assessments against the lands for the express purpose of paying the bonds as they matured and that they are holding it in trust for appellant and the other bondholders. After reading the complaint and the exhibits, we think the fund is the result of an express trust and were collected before the statutory bar attached to the bonds. As to these funds the relationship of creditor and debtor does not exist. The landowners paid it in for the express purpose of retiring the bonded indebtedness. The law creating the district provided that this tax money should be set aside and assigned specifically to the bondholders. The directors had collected and were holding it for the bondholders with specific directions to pro rate it among the bondholders.

The fund being a trust fund and the directions being specific as to how it should be paid to the bondholders by the directors, a fiduciary relationship existed and it was clearly a fund, as long as it was in the hands of the directors or under their control, the payment of which could not be defeated by the statute of limitations. The general rule is that the statute of limitations cannot be interposed to defeat an express trust. We deem this question so well settled that it is unnecessary to cite the large number of cases so holding.

On account of the error indicated, the decree is reversed with directions to overrule the demurrer as to the portions of the complaint seeking to impound and pro rate the trust fund and for further proceedings in accordance with law.